IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS W. BEST,

        Plaintiff,                      No. CIV S-05-1824 FCD DAD P

   vs.

THERESA SCHWARTZ, et al.,

        Defendants.         <u>ORDER</u>

          /

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $7.03 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

1  preceding month's income credited to plaintiff's prison trust account. These payments will be
2  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
3  account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

4        The court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
6  § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8  granted, or that seek monetary relief from a defendant who is immune from such relief. 28
9  U.S.C. § 1915A(b)(1),(2).

10        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
12  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
14  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
15  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16  Cir. 1989); Franklin, 745 F.2d at 1227.

17        A complaint, or portion thereof, should only be dismissed for failure to state a
18  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
19  of facts in support of the claim or claims that would entitle him to relief. Hishon v. King &
20  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
21  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
22  complaint under this standard, the court must accept as true the allegations of the complaint in
23  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
24  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
25  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
26  /////

In his amended complaint,[1] plaintiff alleges that from June 17, 2005 to June 22, 2005, he was housed in an administrative segregation cell and that the conditions in that cell caused him to experience nausea, vomiting, burning eyes and to cough up blood. (Compl. at 5[2].) Plaintiff contends that he notified the housing officer that due to the toxic condition he would not return to the cell but was told that if he refused he would be physically returned. (Id.) According to plaintiff's allegations, another prisoner told him that a previous occupant had started a fire in the cell in question and that staff had not properly cleaned it. (Id.) Plaintiff also alleges that despite requests, he did not receive medical attention for the symptoms suffered as a result of the conditions in the cell. (Id.) Plaintiff names the warden at California Medical Facility and Does 1-4 as defendants.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. In addition, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board

---

[1] Plaintiff's amended complaint was filed on September 26, 2005.

[2] This court has implemented the Case Management/Electronic Case Files (CM/ECF) docketing and file system which allows pleadings and documents to be electronically filed by the parties. For pleadings or documents that are submitted in paper format, the filing is scanned and stored electronically into the court's CM/ECF system. Each page of the electronic filing is numbered chronologically, whether or not, it was numbered by the party. If the filing is lengthy, the document is divided into parts. When the undersigned refers to a page number for a pleading or document filed with this court, the court is using the CM/ECF page number, which may not coincide with the page number used by the parties.

of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  In his complaint, plaintiff does not set forth any allegations concerning the actions taken by defendant Warden Schwartz resulting in the alleged violation of plaintiff's constitutional rights.  In addition, plaintiff's allegations regarding the conditions of his confinement and inadequate medical care lack sufficient specificity.  Therefore, the court will dismiss the amended complaint and grant leave to file a second amended complaint.

The following legal standards apply to plaintiff's Eighth Amendment claims relating to housing conditions and lack of medical care.  Prison officials have a duty to provide humane conditions of confinement; officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of inmates.  Hudson v. Palmer, 468 U.S. 517, 526-27 (1984).  However, only "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment forbidden by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.  "[A] prison official violates the Eighth Amendment only when two requirements are met."  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  "First, the deprivation alleged must be, objectively, 'sufficiently serious.'"  Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, a prison official must have had a sufficiently culpable state of mind; he must have acted with deliberate indifference.  This is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety."  Id. at 835 (quoting Whitley, 475 U.S. at 319).

Plaintiff must set forth factual allegations satisfying both requirements of an Eighth Amendment claim challenging the conditions of his housing assignment.  In this regard, plaintiff must provide additional factual allegations that would demonstrate that each named defendant was aware of the unsafe or unhealthy conditions in his cell and as well as the

symptoms suffered by plaintiff as a result of those conditions but failed to take any action.  Any documentation reflecting plaintiff's physical reaction to the conditions in his cell and/or information about the substance(s) to which plaintiff was exposed, may be attached to plaintiff's second amended complaint.

As to plaintiff's claim of constitutionally inadequate medical care, plaintiff must provide allegations addressing the two elements of an Eighth Amendment claim:  "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).  A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury of the 'unnecessary and wanton infliction of pain.'"  Id. at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities."  Id. at 1059-60.  In demonstrating the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Plaintiff must also provide allegations that would demonstrate that the named defendants responded to his serious medical need with deliberate indifference.  Id.  Again, plaintiff may attach copies of medical records or grievances that were submitted in alleging facts which support this claim.

Lastly, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the prior pleadings no longer serves any function in the case.  Therefore, in the second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $7.03. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's September 12, 2005 complaint and September 26, 2005 amended complaint are dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must use the form complaint provided by the Clerk of the Court and answer each question on the form; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: October 3, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
best1824.14